## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BIG RIG REPAIR , INC., a Nebraska Corporation, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **8:08CV397** |
| HEATFLEXX, INC., a Michigan corporation, and AYOTTE TRAILERS RENTALS, INC., d/b/a AYOTTE DISTRIBUTION, foreign corporation, | ) ) ) ) ) | **ORDER FOR ENTRY OF DEFAULT** |
| Defendants. | ) ) | |

The court has this date granted the motion of David Copple and the law firm of Copple, Rockey & McKeever P.C., L.L.O. for leave to withdraw as counsel for defendants, Heatflexx, Inc. and Ayotte Trailers Rentals, Inc., d/b/a Ayotte Distribution ("Defendants").

Copies of the motion to withdraw were previously served on the Defendants by moving counsel. The March 6, 2009 Order and Notice of Hearing (Doc. 32) setting the matter for a hearing to be held April 9, 2009 was served on the Defendants by moving counsel. Doc. 33. Although the order required officers of the Defendants to attend the hearing, they did not do so. Nor did the Defendants filed any response to the motion to withdraw.

Individuals who are parties to federal proceedings have the right to represent themselves personally without a lawyer. 28 U.S.C. § 1654. That right, however, does not extend to permit them to represent other people or entities because by doing so they would be engaging in the unauthorized practice of law. Thus, a layperson may not represent a separate legal entity such as a corporation or a limited liability company. *See, e.g., Lattanzio v. COMTA*, 481 F.3D 137, 139 (2d Cir. 2007); *In re ICLNDS Notes Acquisition, LLC*, 259 B.R. 289, 293 (Bankr. N.D. Ohio 2001).

The Defendants were previously advised, by receipt of the court's March 5, 2009 Order and Notice of Hearing, that

> Heatflexx, Inc. and Ayotte Trailers Rentals are artificial entities. The law permits corporations and other artificial entities to appear in federal courts only through licensed counsel. See, e.g., *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996). Under Fed. R. Civ. P. 55(a), the court may hold a party in default for failure to defend the action. Under *Ackra Direct*, 86 F.3d at 857, a corporation is technically in default as of the date its counsel is permitted to withdraw from the case without substitute counsel appearing.

The Defendants were specifically advised in the Order and Notice of Hearing that they would be held in default if their attorneys were given leave to withdraw.

Since substitute counsel has not entered an appearance, the court finds that default should be entered against the Defendants. The entry of default may be set aside if substitute pursuant to Fed. R. Civ. P. 55(c), but only if counsel enter a written appearance on behalf of the Defendants without substantial delay. The parties are advised that the court will assume that the Defendants do not intend to retain substitute counsel if no appearance is entered before **May 15, 2009.**

**IT IS ORDERED:**

1.  The Clerk of the Court shall enter default against defendants, **Heatflexx, Inc.** and **Ayotte Trailers Rentals, Inc.**, d/b/a Ayotte Distribution, in accordance with Fed. R. Civ. P. 55(a).

2.  Any appeal or objection to this Order, or motion to set aside the Clerk's entry of default, shall be filed no later than **May 15, 2009.**

3.  The Clerk of the Court shall mail copies of this Order for Entry of Default and the Clerk's Entry of Default to the defendants' representatives at the address identified in counsel's Affidavit of Service (Doc. 33), i.e.,

> John Stach/Josey Bougie
> Heatflexx, Inc.
> 130 Hood Street
> Sault Ste. Marie, On P6C 6E5

4.  If the plaintiff intends to file a motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2), said motion shall be filed no later than **June 1, 2009**.

**DATED April 9, 2009.**

**BY THE COURT:**

**s/ F.A. Gossett**
**United States Magistrate Judge**