# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **BIG RIG REPAIR, INC.**, a Nebraska corporation, | CASE NO: 8:08CV397 |
| Plaintiff, | |
| v. | |
| **HEATFLEXX, INC.**, a Michigan corporation, and **AYOTTE TRAILERS RENTALS, INC.**, d.b.a. Ayotte Distribution, a foreign corporation, | JUDGMENT BY DEFAULT |
| Defendants. | |

This matter is before the Court on Plaintiff's Motion for Default Judgment (Filing No. 45). The Court has reviewed the record and applicable law and has concluded that the entry of default judgment against both Defendants is proper.

In its Complaint, Big Rig Repair, Inc. ("Big Rig") set forth claims for breach of contract, breach of warranty, restraint of trade, and declaratory judgment against Defendants Heatflexx, Inc. ("Heatflexx") and Ayotte Trailers Rentals, Inc. ("Ayotte"). (Filing No. 1). Big Rig's claims are based on a dispute arising out of an alleged Distributorship Agreement ("Agreement"), whereby Heatflexx agreed to deliver heated wiper blades to Big Rig on 90-day terms, and whereby Big Rig agreed to pay only for the goods it actually sold; Big Rig now alleges the wiper blades it received were defective. (*See* Complaint, Filing No. 1). In their Answer, the Defendants contend that Heatflexx never entered into a signed Agreement with Big Rig. (Filing No. 19 at ¶ 18). Thus, the Defendants' position is that

Heatflexx shipped more than $100,000 worth of wiper blades to Big Rig without any written contract.

After the Defendants filed their Answer (Filing No. 19), the Court granted Defendants' Counsel's Motion to Withdraw as Attorney (Filing No. 30) following a hearing on April 9, 2009, before Magistrate Judge F.A. Gossett. (Filing No. 35). Defendants Heatflexx and Ayotte did not appear at the hearing, despite having been ordered to do so. (*See* Filing Nos. 32 and 35). To date, neither Defendant has retained substitute counsel, although both were warned in Magistrate Judge F.A. Gossett's March 6, 2009, order that the Defendants, as corporations, "are artificial entities," and if Defendants did not retain substitute counsel, "the court may hold [them] in default for failure to defend the action." (Filing No. 32 at 1 (citing *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 857 (8th Cir. 1996)).

Because the Defendants failed to appear at the April 9, 2009, hearing before Magistrate Judge F.A. Gossett, the Clerk made an entry of default against both Heatflexx and Ayotte that day. (Filing No. 39). Thus, Big Rig's current Motion for Default Judgment (Filing No. 45) is supported by the Clerk's entry of default (Filing No. 39), Big Rig's Motion and accompanying brief (Filing Nos. 45 and 46), and Big Rig's Index of Evidence (Filing No. 47), which includes the Affidavits of Steve Swensen and Claudia L. Stringfield (Filing No. 47, Attachment Nos. 1 and 2). The Court finds that the Motion has been properly presented, and that the Defendants are in default because they have not complied with the Court's pre-trial discovery orders and the Court's March 6, 2009, order requiring the Defendants to obtain substitute counsel.

"Default judgment for failure to defend is appropriate when the party's conduct includes willful violations of court rules, contumacious conduct, or intentional delays."

*Ackra*, 86 F.3d at 856 (internal quotations omitted). Consequently, the Eighth Circuit Court of Appeals has reasoned that default judgment is proper in instances where "[t]he magistrate judge specifically encouraged [Defendants] to obtain substitute counsel, and warned them that failure to do so would not excuse them from complying with discovery obligations or the relevant rules of procedure." *Id.* at 857. In the present case, the Magistrate Judge ordered the Defendants to obtain substitute counsel and to comply with previous discovery orders; and the Defendants have failed to do so. The Court notes that "the law does not allow a corporation to proceed *pro se*." *Id.* (citing 28 U.S.C. § 1654; *United States v. Van Stelton*, 988 F.2d 70, 70 (8th Cir.1993) (per curiam)).

Fed. R. Civ. Pro. 37(b)(2)(A)(vi) grants this Court the discretion to "rende[r] a default judgment against the disobedient party" in instances where one party fails to comply with pre-trial discovery orders. The record demonstrates that both Defendants have failed to respond to Big Rig's written Interrogatories, and to its Motion to Compel (Filing No. 28). "[F]ailure to respond to the magistrate judge's discovery order and other orders . . . [is] certainly grounds for default judgment." *Ackra*, 86 F.3d at 856. *See also Comiskey v. JFTJ Corp.*, 989 F.2d 1007, 1009 (8th Cir. 1993)(holding that "failure to comply with numerous court orders and with [Plaintiff's] discovery requests was due to bad faith that justifies the district court's entry of default judgment.").

The Court concludes the Defendants' actions have been in bad faith, and that the entry of a default judgment is proper. When a proper motion for default judgment is raised, a court will bind the party facing the default as having admitted all the well-pleaded allegations in the plaintiff's complaint. *See Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004)(citing *Taylor v. City of Ballwin*, 859 F.2d 1330, 1333 n. 7 (8th Cir. 1988); Fed. R. Civ. P. 55(b)(2)). Accordingly, the allegations

contained in Big Rig's Complaint will be accepted as true, and Big Rig is entitled to judgment by default on all its claims.

IT IS ORDERED:

1. The Motion for Default Judgment (Filing No. 45) submitted by Plaintiff Big Rig Repair, Inc., is granted;

2. Judgment by default is entered in favor of Big Rig Repair, Inc., and against the Defendants Heatflexx, Inc., and Ayotte Trailers Rentals, Inc., on all claims in the Complaint (Filing No. 1), including attorney's fees and costs incurred in connection with the Motion to Withdraw (Filing No. 30) and the present Motion (Filing No. 45), in an amount to be determined;

3. Plaintiff Big Rig Repair, Inc., is directed to submit to the Court its application for attorney's fees and costs in compliance with F.R.C.P. 54 and NECivR 54.3 and 54.4, on or before June 1, 2009;

4. Upon receipt of Plaintiff Big Rig Repair, Inc.'s application for attorney's fees and costs, the Court will issue a Final Judgment awarding judgment for the Plaintiff Big Rig Repairs, Inc., and against the Defendants Heatflexx, Inc., and Ayotte Trailers Rentals, Inc., for a sum in the amount of attorney's fees and costs the Court finds appropriate; and

5. All pending motions in this case are denied.

DATED this 18th day of May, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Court